IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROBERT LEE HINSON, JR.,

      Petitioner,

v.                            CASE NO. 3:15-cv-549-LC-GRJ

SECRETARY, DEP'T
OF CORRECTIONS,

      Respondent.

_____/

## **REPORT AND RECOMMENDATION**

      This case is before the Court on the Petition for Writ of Habeas

Corpus under 28 U.S.C. § 2254. ECF No. 1. Respondent has filed a

response and appendix with relevant portions of the state-court record.

ECF No. 61. Petitioner has filed a reply. ECF No. 65. The Petition is

therefore ripe for review. Upon due consideration of the Petition, response,

state-court record, and reply, the undersigned recommends that the

Petition be denied.[1]

---

[1] The Court has determined that an evidentiary hearing is not warranted because the Court may resolve the Petition on the basis of the record. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

## I.    State-Court Proceedings

Petitioner was arrested on March 3, 2015, for fraudulent or illegal use

of a credit card. ECF No. 61-1. The following day, the court appointed a

public defender to represent him. ECF No. 61-2, Entry #9. However,

Petitioner sought permission to proceed *pro se* and filed numerous motions

to that effect, until the court granted his request following a *Faretta*[2] hearing

on March 27, 2015. ECF No. 61-2 at Entry #45; ECF No. 61-3. Throughout

the course of his prosecution, Petitioner filed dozens of *pro se* pleadings

and motions, all of which the court eventually dismissed. ECF Nos. 61-4,

61-5, 61-6, 61-7.

On September 17, 2015, the state filed an Amended Information

charging Petitioner with one felony count of fraudulent use of a credit card

in violation of §§ 817.61 and 817.67, Fla. Stat. ECF No. 61-8. The court

found Petitioner guilty after a bench trial held on September 22, 2015. ECF

No. 61-10. The court advised Petitioner of his right to appointment of

counsel prior to sentencing, but he again declined. ECF No. 61-12 at 2. On

September 25, 2015, the court entered judgment and sentenced Petitioner

to sixty months in prison with credit for time served in county jail. ECF No.

---

[2] *Faretta v. California*, 422 U.S. 806 (1975).

61-11. The court then advised Petitioner of his right to appeal and of his right to counsel. ECF No. 61-12 at 2. Although Petitioner declined counsel, he indicated his desire to appeal the case. *Id.* Accordingly, the court construed Petitioner's verbal comments as a notice of appeal but directed him to file a written notice of appeal within thirty days of the date of sentencing. *Id.*

Petitioner then filed a number of *pro se* post-conviction motions for relief. In an order entered on October 12, 2015, the court noted that because Petitioner never filed a formal written notice of appeal, it still had jurisdiction to rule on the motions because no appeal was pending. ECF No. 61-12 at 4. The court denied the motions and noted that Petitioner persisted in his desire to represent himself. *Id.* The court further found that Petitioner's oral representation of his desire to appeal the judgment and sentence constituted a timely notice of appeal and found Petitioner indigent for the purpose of appellate proceedings. *Id.* at 5.

Thereafter, Petitioner filed additional meritless, repetitive *pro se* motions. On November 24, 2015, the court entered an order dismissing Petitioner's motions and requiring him to show cause as to why he should not be barred from filing further motions or documents unless signed by an attorney. ECF No. 61-13.

Petitioner then filed Motions under Florida Rule of Criminal Procedure 3.850 and 3.800(b)(2), but the Court treated the latter motion as a motion under 3.850. ECF No. 61-14. In those motions, Petitioner asserted that the charging information did not sufficiently allege a felony based on the value of the goods stolen, therefore, he should have only been charged with a misdemeanor. *Id.* at 5. He further asserted that his sentence exceeded the statutory maximum and that the trial court failed to renew an offer to appoint counsel on appeal. *Id.* at 5-6.

In an order entered on December 18, 2015, the court found that the claims raised in the post-conviction motions were not cognizable because they should have been raised before the trial court or on appeal. *Id.* at 5. It further found that Petitioner's claim that his sentence exceeds the statutory maximum and that the trial court failed to renew an offer of counsel for appeal were without merit. *Id.* at 5-6. The court denied the motions and cautioned Petitioner against filing frivolous, repetitive, or abusive pleadings in the future. *Id.* at 6.

Petitioner persisted in filing additional meritless and repetitive *pro se* post-trial motions and pleadings. By order entered on March 11, 2016, the court struck the motions as successive or insufficiently pled. ECF No. 61-14 at 14. Thereafter, on March 15, 2016, the court entered an order prohibiting

4

Petitioner from making further *pro se* filings absent the signature of a member of the Florida Bar. ECF No. 61-14 at 2.

Regarding direct appeal, on October 28, 2015, Petitioner filed a pleading styled as a "Belated Appeal- Non-Final Order" and "Petition of Writ of Habeas Corpus of Belated Appeal" in the circuit court. ECF No. 61-15. On November 17, 2015, Petitioner filed in the circuit court another pleading directed to the Florida First District Court of Appeal ("First DCA") titled "Petition for Belated Appeal." ECF No. 61-16.

On November 19, 2015, Petitioner filed in the circuit court a copy of a letter dated November 16, 2015, from the Clerk of the First DCA informing Petitioner that, pursuant to an opinion issued January 6, 2011, he was prohibited from making any *pro se* filings in that court and that any appellate litigation would not be accepted unless filed by a member of the Florida Bar. ECF No. 61-17; 61-18.[3]

On December 3, 2015, Petitioner filed a motion for leave to file a belated appeal in the circuit court. ECF No. 61-19. The court dismissed the motion on December 18, 2015, as improperly filed. ECF No. 61-20. On December 28, 2015, Petitioner filed in circuit court what purported to be a habeas corpus petition directed to the First DCA alleging ineffective

---

[3] *See Hinson v. State*, 57 So.3d 865 (Fla. 1st DCA 2011).

assistance of appellate counsel. ECF No. 61-21. On February 16, 2016, the First DCA sent Petitioner a letter informing him that the petition would not be considered as it was not filed by a member of the Florida Bar in accordance with the 2011 sanctions. ECF No. 61-22.

On February 12, 2016, Petitioner filed in circuit court a copy of a *pro se* "Motion for Belated Appeal/Writ of Habeas Corpus/Emergency Relief/Unlawful Confinement," which was captioned as though it was filed in the Florida Second District Court of Appeal ("Second DCA"). ECF No. 61-23. On March 30, 2016, the clerk of the First DCA sent Petitioner a letter informing him that his pleading had been sent to the Second DCA, however, it would not be considered because it was not filed by a member of the Florida Bar. ECF No. 61-24.

Petitioner then filed the instant § 2254 petition on December 7, 2015. ECF No. 1.

## II.    Section 2254 Exhaustion Requirement

Any § 2254 petition filed after April 24, 1996, is subject to the mandates of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320 (1997). Before bringing a habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct

appeal or in a state post-conviction motion. § 2254(b)(1), (c). Exhaustion requires that prisoners give the state courts a "full and fair opportunity" to resolve all federal constitutional claims by "invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To properly exhaust a federal claim, a petitioner must "fairly present" the claim in each appropriate state court, thereby affording the state courts a meaningful opportunity to "pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quotation omitted).

When a petitioner fails to properly exhaust a federal claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred under state law, the claim is procedurally defaulted. *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999). Federal habeas courts are precluded from reviewing the merits of procedurally defaulted claims unless the petitioner can show either (1) cause for the failure to properly present the claim and actual prejudice from the default, or (2) that a fundamental miscarriage of justice would result if the claim were not considered. *Id.* at 1302, 1306. A fundamental miscarriage of justice exists "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Ward v. Hall*, 592 F.3d 1144, 1157 (11th Cir.

2010). To state a credible claim of actual innocence, a petitioner must present new reliable evidence that was not presented at trial showing that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

### III.  Section 2254 Standard of Review

For claims that are properly exhausted, the AEDPA imposes further limitations on the scope of this Court's review. Under § 2254(d)(2), a federal court may not grant a state prisoner's application for a writ of habeas corpus based on a claim already adjudicated on the merits in state court unless that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Under § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." "'[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.'" *Burt v. Titlow*, 571 U.S. 12, 18 (2013) (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010)).

As to legal findings, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1); *see Burt*, 571 U.S. at 18 (standard for reviewing claims of legal error by state courts is "highly deferential"). This standard "recognizes a foundational principle of our federal system: State courts are adequate forums for the vindication of federal rights." *Id.* at 19. This highly deferential standard carries special force in habeas cases asserting ineffective assistance claims: "Especially where a case involves such a common claim as ineffective assistance of counsel under *Strickland*[4]—a claim state courts have now adjudicated in countless criminal cases for nearly 30 years—'there is no intrinsic reason why the fact that a man is a federal judge should make him more competent, or conscientious, or learned . . . than his neighbor in the state courthouse.'" *Id.* (quoting *Stone v. Powell*, 428 U.S. 465, 494, n. 35 (1976)).

---

[4] *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (holding that to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy.  A court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong).

In view of the deference afforded to the state courts' adjudication of constitutional claims, "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court. AEDPA requires 'a state prisoner [to] show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement.'" *Id.* at 19-20 (quoting *Harrington v. Richter*, 562 U.S. 86, 101 (2011). "'If this standard is difficult to meet'—and it is—'that is because it was meant to be.'" *Id.* at 20 (quoting *Harrington*, 562 U.S. at 102). "We will not lightly conclude that a State's criminal justice system has experienced the 'extreme malfunction' for which federal habeas relief is the remedy." *Id.* (quoting *Harrington*, 562 U.S. at 102).

## IV.    Discussion

### A. Exhaustion

Respondent argues that Petitioner's claims are unexhausted because he failed to present them to the state courts in a properly filed direct appeal or motion for postconviction relief.

The record reflects that, in 2011, the First DCA sanctioned Petitioner by barring him from making any *pro se* filings in that court. Instead of perfecting a timely appeal with the assistance of counsel, Petitioner

attempted to circumvent the sanctions by submitting unauthorized motions and requests for belated appeals in the circuit court. Due to the *pro se* filing bar, the First DCA refused to accept his pleadings, and he never instituted an appeal.

The record further reveals that the state court denied Petitioner's postconviction motions brought under Rule 3.850 because the claims were not properly raised in a Rule 3.850 Motion. ECF No. 61-14 at 5. The state court denied the postconviction motions Petitioner filed thereafter as successive or insufficiently pled. *Id.* at 14. Petitioner did not appeal the denial of those motions. The court then barred Petitioner from filing additional *pro se* motions due to his abuse of the process. *Id.* at 2.

Petitioner failed to present his claims to the state courts in a properly completed direct appeal or motion for postconviction relief. Because he did not fairly present his federal claims to the state court for review, his claims are unexhausted.

Respondent further argues that Petitioner's unexhausted claims are procedurally barred. Under the procedural default doctrine, "if the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice

exception is applicable." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001) (citation omitted).

Petitioner did not avail himself of the processes for exhausting his claims—either by filing a properly completed direct appeal from his final judgment adjudicating guilt, *see* Fla. R. App. P. 9.140, or by filing a motion for postconviction relief, *see* Fla. R. Crim. P. 3.850—and those state-court remedies are no longer available because the time for pursuing them has expired. *See* Fla. R. App. P. 9.140(b)(3) ("The defendant shall file the notice prescribed by rule 9.110(d) with the clerk of the lower tribunal at any time between rendition of a final judgment and 30 days following rendition of a written order imposing sentence."); Rule 3.850(b) ("No . . . motion shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence become final").[5]

Accordingly, Petitioner is barred from now pursuing his claims in state court, and thus his claims are procedurally defaulted and foreclosed from federal review absent a showing of cause and prejudice or a fundamental miscarriage of justice. Petitioner makes no claim that he can show cause and prejudice for the default, and there is nothing in the record that

---

[5] Rule 3.850(b) contains exceptions to the two-year statute of limitations, none of which are relevant here.

suggests that a fundamental miscarriage of justice would result if the Court does not consider the claim.

## B.   Merits

Alternatively, even assuming Petitioner had properly exhausted his claims or that his procedural default could be excused, Petitioner is not entitled to habeas relief because his claims are without merit. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

### 1.  Ground One

In his first ground for relief, Petitioner asserts he was deprived of his constitutional right to a direct appeal. Petitioner further asserts he was told on October 12, 2015, that an appeal had been filed on his behalf, however, the court did not appoint counsel to represent him. Respondent argues that Petitioner's own actions prevented him from appealing his judgment and sentence, and, in any event, Petitioner's claim is not cognizable because there is no federal constitutional right to an appeal.

Respondent's argument is well-taken. As a preliminary matter, there is no federal constitutional right to appeal. *See Martinez v. Court of Appeal of California, Fourth Appellate Dist.*, 528 U.S. 152, 160 (2000) (As we have

recognized, "[t]he right of appeal, as we presently know it in criminal cases, is purely a creature of statute."). Once a state grants the right to a direct appeal, however, a criminal defendant has a constitutional right to counsel during the first appeal as of right. *Williams v. Turpin*, 87 F.3d 1204, 1209 (11th Cir. 1996) (citations omitted). The right to effective assistance of counsel during the first appeal attaches because once a state has created a right of appeal, the state must ensure that all persons have an equal opportunity to enjoy the right. *Id.* (citation omitted).

To the extent Petitioner alleges he was deprived of his standalone constitutional right to a direct appeal, his claim is not cognizable in a § 2254. To the extent Petitioner alleges he was denied his right to counsel on appeal, his claim is unsupported by the record.

In 2011, the First DCA sanctioned Petitioner by barring him from appearing as a litigant unless represented by counsel. After sentencing, the court advised Petitioner of his right to appeal and of his right to counsel on appeal, but Petitioner declined counsel. ECF No. 61-12 at 2. In his October 12, 2015 order, Judge Terrell construed Petitioner's comments indicating a desire to appeal as a timely notice of appeal. Judge Terrell further found Petitioner to be indigent for purposes of an appeal and specifically noted in the order that Petitioner "continues to desire to represent himself, and he

may have overlooked his obligation to file a formal Notice of Appeal." *Id.* at 4.

Petitioner disputes this assertion in his Reply. He denies that he refused his direct appeal and asserts that the district court never appointed him a public defender for his appeal. ECF No. 65 at 6-7. However, Petitioner cites to nothing in the record that would support a conclusion that his request for counsel on appeal was denied, and there is nothing in the record indicating that Petitioner, who insisted on self-representation at the district-court level, ever sought the appointment of counsel on appeal, which, as an indigent person, he was entitled to have.

The record reveals Petitioner's failure to perfect a timely appeal was a result of his own doing. Petitioner's Ground One is without merit.

### 2. Ground Two

Petitioner next asserts, with no argument to support his claim, that the statute under which he was convicted, § 817.61, Fla. Stat., is void for vagueness. Respondent argues that the statute is clear and unambiguous, and the charging information tracked the statutory language in setting forth the elements of the offense.

A law can be void for vagueness if it "fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless

that it authorizes or encourages seriously discriminatory enforcement."

*United States v. Williams*, 553 U.S. 285, 304 (2008). Section 817.61, which

sets forth the offense of fraudulent use of credit cards, provides:

> A person who, with intent to defraud the issuer or a person or organization providing money, goods, services, or anything else of value or any other person, uses, for the purpose of obtaining money, goods, services, or anything else of value, a credit card obtained or retained in violation of this part or a credit card which he or she knows is forged, or who obtains money, goods, services, or anything else of value by representing, without the consent of the cardholder, that he or she is the holder of a specified card or by representing that he or she is the holder of a card and such card has not in fact been issued violates this section. A person who, in any 6-month period, uses a credit card in violation of this section two or fewer times, or obtains money, goods, services, or anything else in violation of this section the value of which is less than $100, is subject to the penalties set forth in s. 817.67(1). A person who, in any 6-month period, uses a credit card in violation of this section more than two times, or obtains money, goods, services, or anything else in violation of this section the value of which is $100 or more, is subject to the penalties set forth in s. 817.67(2).

After independently reviewing the language of § 817.61, the Court

cannot conclude that it is even notably vague, much less so vague that it

fails to provide fair notice of what is prohibited, or authorizes or encourages

seriously discriminatory enforcement. Because Petitioner advances no

reasoned argument to support his contention that the statute is

unconstitutionally vague, and because this Court does not find it to be

vague upon independent review, Petitioner's void-for-vagueness challenge

fails.

In addition to the void-for-vagueness challenge, the Court understands Petitioner to allege that his felony indictment under the statute was unlawful because: 1) the arrest report and/or indictment did not allege that Petitioner "knowingly" or "unlawfully" committed the crime; 2) the charging information did not "allege that the goods challenged were not of property;" 3) the charging information ambiguously charges theft or forgery without proving the elements of those offenses beyond a reasonable doubt; and, 4) Petitioner could not have been convicted under the felony provision of § 817.61 because the charging instrument did not allege he used the credit card two times or more. ECF No. 1 at 4-6.

Contrary to Petitioner's assertions, the record reveals Petitioner was properly charged and convicted under § 817.61. The Amended Information did, in fact, allege that Petitioner "did *unlawfully* and [] *intentionally* incite, cause, encourage, assist, or advise another person or persons . . . to commit the crime of Fraudulent Use of a Credit Card." ECF No. 61-8 at 2 (emphasis supplied).

Further, even liberally construing the Petition, the Court cannot make sense of Petitioner's claim that the charging information does not "allege that the goods challenged were not of property." This argument is indecipherable and uncompelling as a result.

As to Petitioner's claim that the indictment was defective because Petitioner was not independently found guilty of forgery or theft, Petitioner points to no authority holding that a defendant must first be found guilty of forgery or theft before he can be indicted under § 817.61. [6] Critically here, Petitioner does not allege, much less establish, that the court failed to establish his guilt beyond a reasonable doubt as to the elements of § 817.61.

As to Petitioner's final argument that the charging instrument did not charge him with using the credit card two times or more, the Amended Information expressly asserts that the credit or debit card was used "more than two times." ECF No. 61-8 at 2. Ground Two is meritless.

### 3. Ground Three

In his third ground for relief, Petitioner asserts that the state— without providing Petitioner advanced notice—suppressed discovery relevant to the value of the property obtained by the fraudulent use of the credit card and information about the arresting officer in his case.

---

[6] Moreover, in the case of theft, Florida courts have held that the fraudulent use of a credit card will necessarily entail committing theft. *United States v. Andre*, 491 F. App'x 109, 112 (11th Cir. 2012) (unpublished opinion), citing *Wolf v. State*, 679 So. 2d 351, 353 (Fla. 1st DCA 1996) ("[I]t is not possible to commit an offense under section 817.61 [forbidding the fraudulent use of a credit card] and not commit a theft.").

Petitioner's claim is not one of constitutional dimension. As best as can be discerned from the petition, this claim, at its essence, involves the purely state law issue of whether a state discovery rule was violated. "[F]ederal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Petitioner does not allege that the state's suppression of discovery material resulted in a conviction in violation of the Constitution, laws, or treaties of the United States. An alleged error of state law or rule of procedure provides no basis for federal habeas relief. Ground Three is meritless.

### 4. Ground Four

In Ground four, Petitioner asserts that the "trial court does not have jurisdiction to file an appeal on a misdemeanor offense that exceeded its maximum, a (2nd) degree misdemeanor F.S. 817.61 unlawful detention." ECF No. 1 at 10.

Here again it is difficult to ascertain what precise claim Petitioner is asserting. The Amended Information charged Petitioner with a third-degree felony, which vests the circuit court, where Petitioner was convicted, with subject matter jurisdiction. Art V, 5(b), Fla. Const.; § 26.012, Fla. Stat. Thus, to the extent Petitioner asserts that the convicting court lacked jurisdiction, his claim is without merit.

None of Petitioner's grounds for relief have merit. The Court, therefore, finds that the state court's decision was not contrary to or an unreasonable application of federal law that has been clearly established by decisions of the Supreme Court or based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d). Petitioner is not entitled to federal habeas relief.

## V.      Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should

issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

## VII.    Conclusion

For the foregoing reasons it is respectfully **RECOMMENDED** that the Petition for Writ of Habeas Corpus, ECF No. 1, should be **DENIED**, and that a certificate of appealability should be **DENIED**.

**IN CHAMBERS** this 17th day of October 2018.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.